1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8

ERIK KING,

9                                           Plaintiff,        Case No. C22-1056-RSM

10          v.                                                ORDER DISMISSING COMPLAINT

11   JOHN BATISTE, et al.,

12                                          Defendants.

13

14          Plaintiff Erik King filed this action *pro se* and *in forma pauperis* ("IFP") against John

15   Batiste, Chief of the Washington State Patrol, Eric Cheney, Head Chair of Sociology at Central

16   Washington University, and Unnamed Individuals of the Fusion Center OCIU, alleging that

17   Chief Batiste directed Professor Cheney to intimidate Mr. King from attending Central

18   Washington University or discuss politics.  This Court has reviewed the Complaint pursuant to

19   28 U.S.C. § 1915(e) and finds that it must be dismissed as frivolous.

20          Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service

21   if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks

22   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2);

23   *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984); *Yacoub v. U.S.*, 2007 WL

24   2745386 (W.D. Wash. 2007).  This provision mandating dismissal applies to all *in forma*

25

26

*pauperis* actions, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000)(en banc).

A complaint is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328-90 (1989). Pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), a court may dismiss a claim that is based on an "indisputably meritless legal theory" or claims based on "clearly baseless" factual contentions, such as those "describing fantastic or delusional scenarios." *Id.* at 327. It is appropriate for a court to dismiss a claim as factually frivolous "when the facts rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff's complaint falls into the category of "the irrational or wholly incredible." Mr. King's Complaint names John Batiste, Chief of the Washington State Patrol, Eric Cheney, Head Chair of Sociology at Central Washington University, and Unnamed Individuals of the Fusion Center OCIU as defendants. In his Statement of Claims, Mr. King alleges:

> Chief John Batiste, directing the Homeland Security Division's OCIU of WSP, employed Eric Cheney (a head chair at my university), to frequent the barbershop (Sportclips in Lynwood) where I worked (with other from the unit) and intimidate me from attending the university (which is a federally protected activity)."

Dkt. #1-1 at 8. He goes on to allege that various other individuals, who are not named as Defendants, were paid (unclear by who) to intimidate Mr. King, that his house has been broken into, that "many ex-girlfriends, co-workers, and friends were paid to read scripts" (again, unclear by who), and that there were "further social paralyzing efforts, questioning acquaintances, telling people [he is] dangerous, or to stay away from [him]." *Id* at 8–9. Mr. King alleges that this alleged intimidation forced him to "drop out of university, flee from [his]

apartment…and threw [him] into a horrific custody battle for a year and a half." *Id.* at 9.  Mr. King's demand for relief consists of the following:

> I would like the court to order a proper assessment of intelligence activiti[e]s, a hearing by a committee on tactics, safeguards and oversight (and too, Batiste's motivations). Then a report made public about the happenings.  In my case, depending on the extent I am able to convey to the court, it will be millions, for both my child and I.  I would like a professional evaluation by a court appointed counsel for damages.  And also, a cease and desist order.

*Id.* at 10.  He alleges jurisdiction under 42 U.S.C. § 1983 and lists the following federal constitutional or statutory rights he alleges are being violated by state or local officials:

> The statutory civil rights violations begin with; [sic] Title 18, U.S.C., Section 241, 242, 245 and Title 42, Section 3631. The constitutional rights violated are: my 1st, 4th, 8th and the 14th, Section 1, respectively. Potentially more.

Dkt. #1-1 at 6.

The Court finds that plaintiff's allegations rise to the level of being fanciful, delusional, and factually incredible.  *Denton v. Hernandez,* 504 U.S. at 33.  Accordingly, the Court shall dismiss the complaint as frivolous, without putting any defendant to the task of responding. The Court further finds that the defects in the complaint are incurable, so that plaintiff shall not be granted leave to amend.

The complaint and action are accordingly DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's motion to appoint service by court (Dkt. #6) is DENIED as moot.


DATED this 2nd day of September, 2022.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE